IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JIMMY DALE MAUNEY                                                                 PLAINTIFF

v.                                                                              No. 3:05CV55-B-A

CITY OF RIPLEY, MISSISSIPPI, ET AL.                                              DEFENDANTS

# MEMORANDUM OPINION

This matter comes before the court on the November 2, 2005, motion by the defendants for summary judgment. The *pro se* plaintiff has not responded. Indeed, the plaintiff has not taken any action in this case beyond the filing of a complaint on May 2, 2005. The matter is ripe for review. For the reasons set forth below, the defendants' motion for summary judgment shall be granted and this case dismissed with prejudice.

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d

202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

On May 3, 2005, the plaintiff, Jimmy Dale Mauney, filed his claim against the City of Ripley, Mississippi; Ken Brown, in both his official and individual capacities; and Scott White, in both his official and individual capacities. In his complaint, the plaintiff seeks compensatory

damages under the theories that the defendants, White and Brown, in performance of their official duties and acting under the direction and control of the City of Ripley: (a) unlawfully and maliciously assaulted a citizen and otherwise used excessive force before, during and after making a stop or arrest, whether the stop or arrest was lawful or unlawful; (b) unlawfully using excessive force in situations that could be controlled by the use of less intrusive means; (c) unlawfully striking a suspect who had been subdued in handcuffs; (d) unlawfully striking a suspect on the head, neck or body; (e) violating the rights, privileges and immunities guaranteed the plaintiff by the constitution and the laws of the United States and the laws of the State of Mississippi; and (f) otherwise depriving citizens of their constitutional statutory rights, privileges and immunities. The incident giving rise to these claims occurred on May 3, 2002, as referenced in the plaintiff's Complaint.

## Discussion

In their answer, the defendants deny liability and raise the following statutory affirmative defenses: (1) the action is barred by the Mississippi Tort Claim Acts one-year statute of limitations, and (2) the plaintiff did not comply with the statutory notice provisions imposed by Mississippi Code Annotated § 11-46-11 (1972)(as amended) ("Mississippi Tort Claims Act"). As discussed below, the failure of the plaintiff to abide by the statute of limitations is so clear that the court will not address the lack of statutory notice.

## Statute of Limitations

The plaintiff filed the instant suit in federal court under 42 U.S.C. § 1983, which does not have its own limitations period. *Gartrell v. Gaylor*, 981 D.2d 254 (5th Cir. 1993). Instead, suits filed under 42 U.S.C. § 1983 use the forum state's limitations period. *Id.* The incident giving

rise to the plaintiff's claims occurred on May 3, 2002; the plaintiff filed the instant suit May 2, 2005. As such, this action is barred by the applicable one-year statute of limitations referenced in MISS. CODE ANN. § 11-46-11(3) (1972)(as amended), which states as follows:

> All actions brought under the provisions of this chapter shall be commenced within one year after the date of the tortuous, wrongful or otherwise actual conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection one of this section shall serve to toll the statute of limitations for a period of ninety-five days from the date the chief executive officer of the state agency receives a notice of claim, or for one hundred twenty days from the date the chief executive officer or other statutorily designated official of a municipality, county or other political subdivision receives the notice of claim, during which no action may be maintained by the claimant unless the claimant has received notice of denial of claim.

The Mississippi Tort Claims Act provides the exclusive remedy for claims asserted against the state and its political and corporate subdivisions. *Wayne General Hospital v. Hayes*, 868, So.2d 997, 1003 (Miss. 2004). The cause of action alleged in the plaintiff's complaint occurred on May 3, 2002. The complaint was filed May 2, 2005, nearly two years after the deadline to file such a suit expired. The plaintiff, who has not filed a document with this court since the complaint, has not argued that the statute of limitations should be tolled. As such, the defendants' motion for summary judgment shall be granted and this action dismissed as untimely filed under MISS. CODE ANN. § 11-46-11(3) (1972)(as amended). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 13th day of June, 2006.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE